IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY O'KEEFE,

    Plaintiff,                      No. 2: 11-CV-2659 KJN P

  vs.

MATTHEW CATE, et al.,

    Defendants.                 ORDER

_____/

I. Introduction

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 28, 2011, plaintiff consented to the jurisdiction of the undersigned. (Dkt. No. 7.) Pending before the court is plaintiff's motion for a preliminary injunction filed December 5, 2011. (Dkt. No. 9.) For the following reasons, plaintiff's motion is denied.

II. Legal Standards

        The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001). Therefore, "[a] plaintiff seeking [injunctive relief] must establish that he is likely to succeed on

1

1  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
2  balance of equities tips in his favor, and that an injunction is in the public interest." Am.
3  Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (*quoting* Winter
4  v. Natural Res. Def. Council, Inc., 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008)).  A preliminary
5  injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits
6  and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of
7  the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32
8  (9th Cir. 2011).  A temporary restraining order is "an extraordinary remedy that may only be
9  awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S. Ct. at
10  376.

11   The Ninth Circuit has reiterated that under either formulation of the principles, if
12  the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

16  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (*quoting*
17  Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

18   In cases brought by prisoners involving conditions of confinement, any
19  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
20  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
21  correct the harm." 18 U.S.C. § 3626(a)(2).

22  III.  Discussion

23   Plaintiff requests that the court prohibit prison officials from removing plaintiff's
24  single cell status.  Plaintiff does not allege, and has not alleged since he filed the pending motion,
25  that prison officials have informed him that they are actually considering removing his single cell
26  status.

Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co., 844 F.2d at 674.

Plaintiff's claim that prison officials may remove his single cell status is speculative. As discussed above, plaintiff does not allege that the removal of his single cell status is imminent or that prison officials have informed him that they are considering removing his single cell status. For these reasons, plaintiff has not demonstrated that he is likely to suffer irreparable harm if injunctive relief is not granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 9) is denied.

DATED: April 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ok2659.pi