IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY O'KEEFE,

              Plaintiff,                   No. 2:11-cv-2659 KJM KJN P

    vs.

JERRY BROWN, et al.,

              Defendants.              ORDER

_____/

I. <u>Introduction</u>

         Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. On July 5, 2012, defendants Brown and Cate filed a motion to dismiss this action, alleging that plaintiff failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 2, 2012, plaintiff filed an opposition; on September 7, 2012, defendants Brown and Cate filed a reply. On October 23, 2012, defendant Higgins filed a motion to join in the motion to dismiss; on November 2, 2012, plaintiff filed an opposition to defendant Higgins' motion. As set forth more fully below, defendants' motions to dismiss are granted, but plaintiff is granted leave to file a third amended complaint.

////

II.  Plaintiff's Allegations

In his original complaint, filed October 5, 2011, plaintiff alleged that he was not receiving adequate and appropriate psychiatric treatment in a safe and therapeutic environment for his axis 1 diagnosis of exhibitionism, voyeurism, paraphilia, and other sexual problems. (Dkt. No. 1 at 1.)  Plaintiff stated that he was about to be transferred to R.J. Donovan in San Diego, which has no adequate psychiatric treatment for plaintiff.  (Dkt. No. 1 at 3.)

In his amended complaint, filed November 7, 2011, plaintiff alleged that he was not receiving adequate or appropriate psychiatric treatment in a safe and therapeutic environment for his mental health diagnoses of exhibitionism, voyeurism, and paraphilia.  (Dkt. No. 5 at 2.) Plaintiff alleged that defendants were deliberately indifferent to plaintiff's serious medical needs.

In his second amended complaint, filed January 27, 2012, plaintiff claims his "issue is with the entire prison system in California."  (Dkt. No. 21 at 1.)  Plaintiff alleges that his Eighth and Fourteenth Amendment rights are being violated because plaintiff "is not receiving adequate and appropriate psychiatric care for his mental health diagnosis in a safe and therapeutic environment."  (Id. at 4.)  Plaintiff claims he is suffering "much mental and physical pain and anguish" and that he "has chronic suicidal thinking and feels hopeless and helpless."  (Id.) Plaintiff recounts his long history of mental disorders, as well as the legal consequences for his actions resulting from his "deep-rooted psychosexual problems," including exhibitionism. Plaintiff provided copies of 2001 letters from District Attorney Kerry Wells and defense attorney William Apgar who both recommended that plaintiff receive sexual offender treatment at Atascadero or CMC East, California Men's Colony.  (Dkt. No. 21 at 15, 17.)  Plaintiff provided a copy of the 2001 report of licensed psychologist Kris Mohandie, Ph.D., who recommended, *inter alia*, that plaintiff receive adequate treatment which addresses plaintiff's affective disorder (depression), as well as his sexual offense related disorders; intensive psychological treatment to address his longstanding, recurrent, severe depression and serious suicidal ideation, including a psychiatric medication evaluation; and mandatory involvement in psychological treatment for his

2

1    voyeurism and exhibitionism.  (Dkt. No. 21 at 42.)

2          Plaintiff claims he has raised this issue of inadequate psychiatric treatment for his

3    mental health diagnoses through inmate appeals, as well as through correspondence with various

4    state officials, including the named defendants.  Plaintiff alleges that in 2005, the Board of Parole

5    Hearings recommended that plaintiff get psychiatric treatment for his criminal sexual

6    proclivities.  (Dkt. No. 21 at 8, 72.)  Plaintiff provided a copy of an October 5, 2011 letter from

7    Jay Atkinson, PRA Coordinator, Offender Information Services Branch, Office of Research,

8    California Department of Corrections and Rehabilitation ("CDCR"), who stated that "[a]t this

9    time there is no treatment for sex offenders offered in state prison."  (Dkt. No. 21 at 45.)

10          Plaintiff seeks, *inter alia*, a court order requiring defendants to provide adequate

11    and appropriate mental health care in a safe and therapeutic environment that is consistent with

12    the plaintiff's mental health diagnosis of exhibitionism, voyeurism, and paraphilia.  (Dkt. No. 21

13    at 12.)  In the alternative, if such treatment is not available through the CDCR, plaintiff seeks an

14    order requiring defendants to transfer plaintiff to the Coalinga State Mental Hospital for

15    treatment.  (Dkt. No. 21 at 13.)

16    III.  The Parties' Arguments

17          A.  Motion to Dismiss

18          Defendants move to dismiss plaintiff's claims on multiple grounds.  First,

19    defendants contend plaintiff fails to state a cognizable due process claim because the Ninth

20    Circuit has held that an inmate serving a criminal sentence does not possess a constitutionally

21    protected liberty interest in sex offender treatment.  Balla v. Idaho State Bd. of Corrections, 869

22    F.2d 461 (9th Cir. 1989).

23          Second, defendants contend that plaintiff fails to state a cognizable Eighth

24    Amendment claim based on plaintiff's claim that he is denied sex offender treatment because a

25    sex offender may or may not suffer from a mental disorder.  In addition, defendants contend that

26    sex offender treatment is a rehabilitative treatment used to ready inmates for return to society,

1   and at least one court has held that denial of sex offender treatment to sex offenders does not

2   qualify as deliberate indifference, citing Bell v. Holder, 2011 WL 7472930, at *8 (M.D. Ala.

3   Nov. 14, 2011) (prisoners do not have a general constitutional right to participate in a specific

4   rehabilitation program, and the failure to provide rehabilitation does not constitute cruel and

5   unusual punishment).  In connection with plaintiff's claim that defendants failed to provide him

6   adequate treatment for his diagnoses of exhibitionism, voyeurism, and paraphilia, defendants

7   contend that plaintiff failed to allege sufficient facts to support this claim.  Specifically, plaintiff

8   failed to allege specific facts as to what particular treatment, medication, or evaluation was

9   allegedly denied, nor does he identify the defendant who allegedly denied such.  (Dkt. No. 46-1

10  at 8.)  Defendants argue that plaintiff's claim that he received no mental health treatment is

11  contradicted by an exhibit in which plaintiff admits he received some psychiatric treatment (dkt.

12  no. 46-1 at 9), and that another exhibit reflects plaintiff was recently treated at Salinas Valley

13  Psychiatric Program -- Intermediate Care Facility.  (Id.)

14          Third, defendants argue that plaintiff's claims for injunctive relief are barred in

15  light of Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM (E.D. Cal.), a class action suit

16  concerning mental health care in California state prisons.  Defendants contend that because

17  exhibitionism is a subject matter under the jurisdiction of Coleman, plaintiff's claim for equitable

18  relief should be dismissed for failure to state a claim.

19          Finally, defendants contend that plaintiff's settlement of claims in O'Keefe v.

20  Gomez, et al., 2:92-cv-0104 JFM, bar litigation of those claims in this action according to the

21  doctrine of *res judicata*.  Defendants point to the language of the Stipulated Settlement and

22  Release, which states the parties' intent to settle and waive all future claims on the issue:

23          Plaintiff does for himself, his heirs, executors, administrators,
            attorneys, representatives, agents and assigns, release and expressly
24          waive the right to pursue any and all claims, demands, liabilities,
            actions, suits, causes of action, obligations, controversies, costs,
25          expenses, damages, losses and judgments of every kind or
            character in law, equity or otherwise, including attorney's fees and
26          costs, against the defendants, named and unnamed, and the State of

4

> California, its agencies and departments, officers, employees, agents or assigns which plaintiff has based upon or by reason of, in whole or in part, any act, omission to act, transaction, practice, conduct, matter, cause or thing of any kind or charge directly or indirectly arising out of or in anyway connected with the alleged events which are the subject of the action.

(Dkt. No. 47-3 at 4.)

### B. Plaintiff's Opposition

In opposition, plaintiff clarifies that he is not seeking "sex offender" treatment, but rather argues that he is not receiving adequate and appropriate psychiatric treatment in a safe and therapeutic environment for his Axis 1 diagnosis of exhibitionism, voyeurism, and paraphilia, because no such treatment exists.  (Dkt. No. 58-1 at 1, 8.)  Plaintiff asserts that defendants are violating his Eighth Amendment rights because the lack of treatment constitutes deliberate indifference to plaintiff's serious medical needs.  Plaintiff concedes that he has received some psychiatric treatment, but contends it is not "close to the psychiatric treatment that Kris Monhandle recommended," or treatment that "effectively addresses plaintiff's mental health diagnosis." (Dkt. No. 58-1 at 9.)  Plaintiff relies on his Exhibit A for the proposition that there is no treatment for exhibitionism, voyeurism and paraphilia in the CDCR.  (Dkt. No. 58-1 at 13.)  Exhibit A is PRA Coordinator Atkinson's October 5, 2011 letter stating that "there is no treatment for sex offenders offered in state prisons."  (Dkt. No. 58-1 at 16.)

Plaintiff claims that he sued the named defendants because "this issue encompasses all the prisons within the [CDCR]."  (Dkt. No. 58-1 at 7.)  Plaintiff alleges that defendant Cate is responsible for all the prisons within the prison system, and that defendant Brown, as Governor, is responsible for what defendant Cate does.  (Id.)

Plaintiff contends defendants violated his due process rights because he has a legitimate right to treatment for his criminal sexual proclivities, relying on Beebe v. Heil, 333 F. Supp.2d 1011, 1015 (D. Col. 2004).  Plaintiff also contends his due process rights are violated by the failure to provide such treatment, because the Board of Parole Hearings recommended that

1    plaintiff receive psychiatric treatment for his exhibitionism, voyeurism, and paraphilia, and

2    plaintiff will be unable to obtain parole without this treatment.

3            Plaintiff claims he suffers from a serious medical need by virtue of his diagnosis

4    of exhibitionism, voyeurism, and paraphilia,, and the failure to provide mental health treatment

5    constitutes deliberate indifference in violation of the Eighth Amendment.

6            Plaintiff argues that his claim for equitable relief is not barred by Coleman, and

7    that Coleman counsel advised plaintiff that under Coleman, the CDCR is not mandated to treat

8    prisoners with sexual disorders.  (Dkt. No. 58-1 at 2.)  Plaintiff concedes "that there are

9    provisions under Coleman for prisoners who have a diagnosis of exhibitionism," but plaintiff

10   contends that these provisions do not cover plaintiff's needs.  (Dkt. No. 58-1 at 10.)

11           In connection with defendants' *res judicata* arguments concerning the prior

12   settlement, plaintiff contends that while a few facts are the same, the instant case stems from a

13   different set of facts, and that because plaintiff did not name the Governor as a defendant in the

14   case settled in 1994, there is no identity or privity of parties.

15                   C.  Defendants' Reply

16           In reply, defendants note that plaintiff failed to allege facts demonstrating that a

17   violation of federal law occurred, or that a government entity was the moving force behind the

18   alleged violation.  Defendants contend that plaintiff failed to allege sufficient facts demonstrating

19   that plaintiff was denied a particular treatment, therapy, evaluation or level of care within the

20   mental health system, or to allege facts demonstrating a culpable state of mind on the part of

21   defendants, rather than a mere difference of opinion concerning mental health treatment.  To the

22   extent that plaintiff seeks to sue defendants in their official capacities, defendants argue that

23   plaintiff failed to identify a policy that was the moving force behind the alleged violation.  In the

24   second amended complaint, plaintiff alleged that there was a lack of sex offender treatment,

25   which plaintiff now states he is not challenging.  Although plaintiff alleged he was personally not

26   receiving adequate treatment for exhibitionism, voyeurism, and paraphilia, defendants argue that

6

1  plaintiff did not allege that the CDCR does not offer any treatment for exhibitionism, voyeurism,

2  and paraphilia.  (Dkt. No. 61 at 4.)  Defendants also contend that plaintiff admits that some

3  treatment for exhibitionism is available through the security housing unit where there is

4  psychiatric treatment for exhibitionism, and that plaintiff is part of the mental health delivery

5  system, at the Enhanced Outpatient Program level of care (dkt. no. 58-1 at 4), and that plaintiff

6  has an assigned psychologist (id. at 6).  (Dkt. No. 61 at 4.)

7          Defendants argue that plaintiff's factual allegations in the second amended

8  complaint are unclear as to whether plaintiff alleges a CDCR policy caused his alleged

9  inadequate treatment, or whether the alleged inadequate treatment was caused by CDCR

10  employees who are not following CDCR policy.  (Dkt. No. 61 at 5.)  Defendants further contend

11  that it is unclear whether plaintiff is challenging a particular CDCR or State of California policy.

12          In addition, defendants contend that plaintiff failed to allege sufficient facts to

13  demonstrate that defendants personally violated plaintiff's Eighth Amendment rights, arguing

14  that there is no link or connection alleged between each defendant and the lack of treatment, and

15  that supervisory liability under a theory of respondeat superior is insufficient.

16          With regard to plaintiff's due process claim, defendants argue that plaintiff's

17  reliance on Beebe is unavailing because Beebe was sentenced under a Colorado sentencing

18  scheme for sex offenders that gave him an indeterminate sentence and required sex offender

19  treatment, but plaintiff is serving a sentence for assault with a deadly weapon, and California

20  does not have a similar sentencing scheme for sex offenders.  In addition, the Ninth Circuit has

21  found that an inmate serving a criminal sentence does not possess a constitutionally protected

22  liberty interest in sex offender treatment.  Balla, 869 F.2d at 468-70.

23          Defendants reiterate their argument that plaintiff's injunctive relief claim is part of

24  the Coleman class litigation.  Defendants argue that plaintiff admits he is diagnosed with

25  exhibitionism which defendants contend makes plaintiff a part of the Coleman class.  Coleman v.

26  Schwarzenegger, 2009 WL 2430820 at *15 (E.D. Cal. Aug. 4, 2009).  Defendants contend that to

7

1   the extent plaintiff requests that the CDCR change its policies regarding the treatment of inmates

2   diagnosed with exhibitionism, his request falls squarely within the area covered by the <u>Coleman</u>

3   class action.

4          In connection with the settlement of plaintiff's prior lawsuit, defendants dispute

5   plaintiff's characterization of his claims as stemming from "a whole different set of facts."  (Dkt.

6   No. 61 at 7.)  Defendants contend that plaintiff alleges no specific instance since 1994 where

7   plaintiff was denied adequate mental health care.  Rather, plaintiff alleges vague allegations that

8   the CDCR is not providing plaintiff with adequate mental health treatment.  Defendants argue

9   that in his prior case, plaintiff argued the same vague allegations, and thus plaintiff should not be

10  permitted to re-litigate those claims in this action.

11  IV.  <u>Legal Standard for Motion to Dismiss</u>

12          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

13  dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

14  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

15  court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>,

16  551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  <u>Jenkins</u>

17  <u>v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th

18  Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain

19  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

20  of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other

21  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

23  claim upon which the court can grant relief must have facial plausibility.  <u>Twombly</u>, 550 U.S. at

24  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  <u>Iqbal</u>, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

1   for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

2   Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

3             A motion to dismiss for failure to state a claim should not be granted unless it

4   appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which

5   would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro

6   se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

7   404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.

8   Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's

9   liberal interpretation of a pro se complaint may not supply essential elements of the claim that

10   were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

11   V.  Analysis

12           1.  Due Process Claims

13             Defendants are correct that the Ninth Circuit has found that prisoners have no

14   liberty interest in sex offender treatment; thus, plaintiff cannot state a cognizable due process

15   claim based on the denial of sex offender treatment.  Balla, 869 F.2d 470; Maimon v. Rea, 127

16   Fed. Appx. 295 (9th Cir. 2005) (prisoner had no due process liberty interest in sex offender

17   treatment).  These Ninth Circuit rulings are binding on this court; plaintiff's reliance on Beebe is

18   unavailing.  Thus, plaintiff should not renew this due process claim in any third amended

19   complaint.[1]

20   ////

21   ////

22

23        [1]  Plaintiff now claims "he is not seeking 'sex offender' treatment, but rather is seeking adequate and appropriate psychiatric treatment for his Axis 1 diagnoses of exhibitionism, voyeurism and paraphilia."  (Dkt. No. 58-1 at 7-8.)  However, it is not clear from Ninth Circuit

24   precedent whether not requiring "sex offender" treatment also encompasses not requiring "psychiatric treatment" for various Axis I diagnoses which may include psychiatric conditions

25   potentially contributing to a person being a sex offender.  While the undersigned does not address that distinction herein, regardless plaintiff should refrain from using the terms "sex

26   offender treatment" in any third amended complaint.

1      2. Coleman

2          Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM (E.D. Cal.), is a class

3  action suit concerning mental health care in California state prisons.  However, this court does

4  not read the application of Coleman as broadly as defendants.  See Jaspar v. Khoury, 2011 WL

5  2457904, at *3-5 (E.D. Cal. June 16, 2011) (appended).  Rather, this court finds that Coleman

6  more narrowly precludes only those equitable claims that seek broad, systemic changes targeted

7  by the Coleman class action.

8          In the second amended complaint, plaintiff states that "this issue is with the entire

9  prison system in California."  (Dkt. No. 21 at 1.)  In his opposition, plaintiff also argues that he

10  named the defendants because this issue encompasses all the prisons within the CDCR.  (Dkt.

11  No. 58-1 at 7.)  Plaintiff also argues that this issue "affects some 24,000 other prisoners and the

12  general public safety."  (Dkt. No. 67 at 3.)[2]  Thus, to the extent plaintiff is alleging systemic

13  challenges to the provision of mental health care in prison, such claims are barred by Coleman.

14          It also appears plaintiff now challenges the provision of mental health care for

15  exhibitionism, voyeurism, and paraphilia.  Defendants argue that because exhibitionism is part of

16  the Coleman class action, plaintiff is required to pursue this claim through the Coleman class.

17  Exhibitionism appears to be part of the Coleman class action.  Coleman v. Schwarzenegger, 2009

18  WL 2430820 at *15 (E.D. Cal. Aug. 4, 2009).  Thus, to the extent plaintiff requests that the

19  CDCR change its policies regarding the treatment of inmates diagnosed with exhibitionism, such

20  a request falls squarely within the Coleman class action, and plaintiff may not pursue an

21

22          [2]  Plaintiff is cautioned that he cannot bring an action on behalf of the other 24,000
incarcerated sex offenders.  Plaintiff is a non-lawyer proceeding without counsel.  It is well
23  established that a layperson cannot ordinarily represent the interests of a class.  See McShane v.
United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here,
24  the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams,
509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately
25  protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil
Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976).  Thus, in any third
26  amended complaint, plaintiff must pursue his own individual claims for relief.

1   individual claim on that basis.  However, as set forth above, to the extent plaintiff intends to

2   amend his complaint to challenge the provision of mental health care for himself only, even in

3   connection with his exhibitionism, such a claim is not barred by Coleman.

4                          3.   Eighth Amendment Claims

5           The Civil Rights Act under which this action was filed provides as follows:

6           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
7           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
8           law, suit in equity, or other proper proceeding for redress.

9   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

12  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

13  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

14  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

15  another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

16  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

17  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

18  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19          Moreover, supervisory personnel are generally not liable under § 1983 for the

20  actions of their employees under a theory of respondeat superior and, therefore, when a named

21  defendant holds a supervisorial position, the causal link between him and the claimed

22  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

24  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

25  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

26  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

                                            11

1  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

2  personal participation is insufficient).

3          Plaintiff's claim involves his mental health care and therefore falls within the

4  purview of the Eighth Amendment.  In order to state a claim for relief under the Eighth

5  Amendment for inadequate prison mental health or medical care, plaintiff must allege "deliberate

6  indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)

7  (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).)  The two prong test for deliberate

8  indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

9  'failure to treat a prisoner's condition could result in further significant injury or the unnecessary

10 and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

11 indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

12 1992).)  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

13 pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096

14 (citing McGuckin, 974 F.2d at 1060.)  In order to state a claim for violation of the Eighth

15 Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants

16 "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." Farmer v. Brennan,

17 511 U.S. 825, 837 (1994).

18          In applying this standard, the Ninth Circuit has held that before it can be said that

19 a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

20 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

21 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing

22 Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or

23 treating a medical condition does not state a valid claim of medical mistreatment under the

24 Eighth Amendment.  Even gross negligence is insufficient to establish deliberate indifference to

25 serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A

26 difference of opinion between medical professionals concerning the appropriate course of

1    treatment generally does not amount to deliberate indifference to serious medical needs.  Toguchi

2    v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

3    1989).  Also, "a difference of opinion between a prisoner-patient and prison medical authorities

4    regarding treatment does not give rise to a[§ ]1983 claim."  Franklin v. Oregon, 662 F.2d 1337,

5    1344 (9th Cir. 1981).  To establish that such a difference of opinion amounted to deliberate

6    indifference, the prisoner "must show that the course of treatment the doctors chose was

7    medically unacceptable under the circumstances" and "that they chose this course in conscious

8    disregard of an excessive risk to [the prisoner's] health."  See Jackson v. McIntosh, 90 F.3d 330,

9    332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's

10   awareness of need for treatment followed by his unnecessary delay in implementing the

11   prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681

12   F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly

13   deny recommended surgical treatment may be medically unacceptable under all the

14   circumstances.)

15           In his oppositions, plaintiff concedes he named defendants because his claim

16   encompasses all of the prisons within the CDCR; he states that defendant Cate is responsible for

17   all the prisons, and defendant Brown is responsible for defendant Cate's actions.  (Dkt. No. 58-1

18   at 7.)  Arguably, plaintiff named defendant Higgins due to her role as chief psychiatrist.  Because

19   plaintiff's systemic claims concerning mental health care in California prisons must be brought

20   through the Coleman class action, defendants' motion to dismiss is granted.  However, plaintiff

21   is granted leave to file a third amended complaint to name as defendants those persons

22   responsible for the alleged denial of plaintiff's personal mental health care.

23           In addition, in any third amended complaint, plaintiff must allege facts

24   demonstrating each defendant's personal involvement, as well as facts demonstrating that each

25   defendant was deliberately indifferent to plaintiff's serious mental health needs.  The exhibits

26   provided by plaintiff demonstrate that he is in the EOP level of mental health care, and has

1  received psychiatric treatment as recently as 2011.  Plaintiff provided a copy of a September 15,

2  2011 memorandum from a Correctional Counselor at Salinas Valley State Prison who stated that

3  plaintiff was

> endorsed to Salinas Valley State Prison for . . . psychiatric
> treatment . . . .  [Plaintiff was] originally transferred to RJD level
> IV EOP SNY as a level III override due to the administrative
> determinant for your psychological condition as an emergency
> endorsement from the Central Training Facility (CTF) base[d] on
> your need for EOP level of care at the time.

8  (Dkt. No. 21 at 51.)  Moreover, despite plaintiff's reliance on Mr. Atkinson's statement, plaintiff

9  provided a copy of a memo from Chief Deputy Warden Solis at Salinas Valley State Prison,

10  dated September 2, 2011, which states that the CDCR does offer programs for sex offenders, and

11  that plaintiff should "put in a request to see a mental health clinician."  (Dkt. No. 21 at 52.)

12  Plaintiff concedes that he has received some psychiatric treatment, but contends it is not "close to

13  the psychiatric treatment that Kris Monhandle recommended," or treatment that "effectively

14  addresses plaintiff's mental health diagnosis."[3]  (Dkt. No. 58-1 at 9.)  In any third amended

15  complaint, plaintiff must make clear the specific treatment, or lack of treatment, he alleges

16  demonstrates deliberate indifference to plaintiff's serious mental health needs.  For example, if

17  plaintiff claims that his transfer to R.J. Donovan deprived him of the psychiatric treatment he

18  was receiving at Salinas Valley State Prison, and such transfer was deliberately indifferent to his

19  serious mental health needs, plaintiff should so claim in any third amended complaint.

20          Just as plaintiff alleged specific facts concerning his mental health care in his

21  prior lawsuit, Case No. 02-cv-0104, plaintiff must allege specific facts demonstrating how each

22  named defendants are deliberately indifferent to plaintiff's serious mental health needs.

23  ////

24

25          [3] Plaintiff also cites recommendations by nonmedical persons, for example, the district
   attorney and plaintiff's defense attorney, as to treatment plaintiff should receive.  Plaintiff is
   advised, however, that only medical professionals' recommendations are relevant to plaintiff's

26  mental health care.

1    For all of the above reasons, plaintiff's second amended complaint is dismissed

2  with leave to amend.

3    4.  Plaintiff's Prior Settlement

4    Defendants' request for judicial notice of documents filed in O'Keefe v. Gomez,

5  et al., 2:92-cv-0104 (E.D. Cal.), is granted.  (Dkt. No. 47.)

6    The doctrine of res judicata protects "litigants from the burden of relitigating an

7  identical issue" and promotes "judicial economy by preventing needless litigation."  Parklane

8  Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).  The court bars a claim where there is an

9  identity of claims, a final judgment on the merits, and privity between parties.  See Mpoyo v.

10 Litton Electro–Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005).  An identity of claims exists if the

11 two actions arise out of the same transactional nucleus of facts.  Burlington N. Santa Fe R.R. v.

12 Assiniboine & Sioux Tribes, 323 F.3d 767, 770 (9th Cir. 2003).  Res judicata "bar [s] all grounds

13 for recovery which could have been asserted, whether they were or not, in a prior suit between

14 the same parties . . . on the same cause of action."  Constantini v. Trans World Airlines, 681 F.2d

15 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980)).

16    Res judicata is generally jurisdictional; therefore the motion to dismiss is properly

17 made under Federal Rule of Civil Procedure 12(b)(1).  See Lande v. Billings Hospitality, Inc.,

18 2008 WL 4180002, *1 (D. Mont. 2008).

19    In O'Keefe v. Gomez, 2:92-cv-0104, plaintiff sued the Director of the CDCR, the

20 Assistant Deputy Director for Medical Services, the Acting Warden of the California Mens

21 Colony - East Prison ("CMC-East"), the Chief Medical Officer of CMC-East, the Chief

22 Psychiatrist of CMC-East, the Classification and Parole Representative of CMC-East, two staff

23 psychologists at CMC-East, a correctional lieutenant and a correctional officer at the CDCR,

24 each in their individual and official capacities.  (Dkt. No. 47-1 at 2.)  Plaintiff recounted his

25 criminal and history of abnormal sexual behavior as he did in the instant action.  However, in

26 ////

addition, plaintiff alleged specific factual allegations concerning his mental health treatment in

various prisons and Atascadero State Hospital from 1988 to 1992.  (Dkt. No. 47-1 at 7-21.)

       In Case No. 2:92-cv-0104, plaintiff pursued the following legal claims:  (1) the

alleged beatings plaintiff suffered violated his Eighth and Fourteenth Amendment rights; (2) that

plaintiff's transfer from CMC-East back to New Folsom allegedly denied plaintiff psychotherapy

and psychiatric care in violation of the Eighth and Fourteenth Amendments; (3) defendants

allegedly ignored plaintiff's past psychiatric illness and treatments, and the expert medical

opinions of prior doctors who recommended treatment in violation of the Eighth Amendment;

and (4) that defendants allegedly punished plaintiff for making false allegations against staff,

denying plaintiff's right to free speech under the First Amendment.  (Dkt. No. 47-1 at 21.)

Plaintiff sought injunctive relief requiring defendants to (a) transfer plaintiff back to CMC-East;

(b) provide plaintiff with adequate and appropriate psychiatric treatment, including

psychotherapy at CMC-East; (c) retain plaintiff at CMC-East until plaintiff is released from

prison; (d) give plaintiff the drug Depo-Provera as part of plaintiff's psychiatric treatment; (e)

provide plaintiff with a single cell; (f) prohibit defendants from harassing or retaliating against

plaintiff for bringing the legal action; (g) provide psychotherapy at New Folsom Prison until

plaintiff is transferred back to CMC-East; and (h) bring in a non-CDCR psychologist experienced

in working with sex offenders to evaluate plaintiff's need for treatment.  (Dkt. No. 47-1 at 22.)

Plaintiff also sought compensatory and punitive damages.  (Id.)

       On June 17, 1994, plaintiff's civil action 2:92-cv-0104 JFM, was settled; plaintiff

was to be transferred to the California Medical Facility for psychiatric evaluation.  (Dkt. No. 88.)

Plaintiff signed the waiver set forth above.  (Dkt. No. 47-3 at 4.)

       Plaintiff paroled in 1995, and again in 1998, but was reincarcerated in 2000 based

on a new conviction.

       In the second amended complaint, plaintiff provided no specific factual

allegations as to his current psychiatric treatment at R.J. Donovan Correctional Facility where

1   plaintiff is presently housed, and sought, *inter alia*, mental health care for his exhibitionism,

2   voyeurism, and paraphilia.  Although there may be some overlap with plaintiff's systemic claims

3   as to his mental health care, which are barred under Coleman, the prior case contained detailed

4   allegations concerning plaintiff's treatment at CMC-East which are not reiterated in the instant

5   second amended complaint or plaintiff's oppositions.  Also, it does not appear, at least from the

6   complaint, that plaintiff specifically sought mental health care for his exhibitionism, voyeurism,

7   and paraphilia in Case No. 92-cv-0104.  Thus, defendants' motion to dismiss plaintiff's claims

8   under the doctrine of *res judicata* is denied without prejudice.

9           5. Leave to Amend

10          As noted above, plaintiff's second amended complaint is dismissed with leave to

11   amend.  If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the

12   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

13   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended complaint must allege in

14   specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

15   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

16   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

17   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

18   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

19   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20          A district court must construe a pro se pleading "liberally" to determine if it states

21   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

22   an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

23   While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

24   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

25   S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth

26   ////

1  "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2  Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

3         A claim has facial plausibility when the plaintiff pleads factual
           content that allows the court to draw the reasonable inference that
4         the defendant is liable for the misconduct alleged. The plausibility
           standard is not akin to a "probability requirement," but it asks for
5         more than a sheer possibility that a defendant has acted unlawfully.
           Where a complaint pleads facts that are merely consistent with a
6         defendant's liability, it stops short of the line between possibility
           and plausibility of entitlement to relief.

7

8  Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions

9  can provide the framework of a complaint, they must be supported by factual allegations, and are

10  not entitled to the assumption of truth.  Id. at 1950.

11         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's third amended complaint complete.  Local Rule 220 requires that an

13  amended complaint be complete in itself without reference to any prior pleading.  This

14  requirement is because, as a general rule, an amended complaint supersedes the original

15  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third

16  amended complaint, the original pleading no longer serves any function in the case.  Therefore,

17  in a third amended complaint, as in an original complaint, each claim and the involvement of

18  each defendant must be sufficiently alleged.

19  VI.  Conclusion

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.  Defendants' request for judicial notice (dkt. no. 47) is granted;

22         2.  Defendants' July 5, 2012 motion to dismiss (dkt. no. 46) is granted;

23         3.  Defendant Higgins' October 23, 2012 motion to dismiss (dkt. no. 66) is

24  granted;

25         4.  Plaintiff's second amended complaint (dkt. no. 21) is dismissed;

26  ////

18

1         5.  Within thirty days from the date of this order, plaintiff may complete the

2 attached Notice of Amendment and submit the following documents to the court:

3         a.  The completed Notice of Amendment; and

4         b.  An original and one copy of the Third Amended Complaint.

5 Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

6 the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended

7 complaint must bear the docket number assigned this case and must be labeled "Third Amended

8 Complaint"; failure to file a third amended complaint in accordance with this order will result in

9 the dismissal of this action.

10 DATED:  December 28, 2012

11

12

13         KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

14 okee2659.mtd

19

1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY O'KEEFE,

11              Plaintiff,                    No. 2:11-cv-2659 KJM KJN P

12        vs.

13   JERRY BROWN, et al.,                     NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16             Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18             _____        Third Amended Complaint

19   DATED:

20

21

22

23                                    _____
                                      Plaintiff
24

25

26

Only the Westlaw citation is currently available.
United States District Court,

E.D. California.
Matthew Lee JASPAR, Plaintiff,
v.
KHOURY, et al., Defendants.
No. 2:06–cv–1177 GEB KJN P.

June 16, 2011.
Matthew Lee Jaspar, Vacaville, CA, pro se.

Marta C. Barlow, Attorney General's Office of the State of California, Sacramento, CA, for Defendants.

*FINDINGS AND RECOMMENDATIONS*

KENDALL J. NEWMAN, United States Magistrate Judge.

**\*1** Plaintiff is a state prisoner at the California Medical Facility ("CMF"), proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's First Amended Complaint, filed September 15, 2010 (Dkt. No. 64), based on plaintiff's allegations that he was denied adequate treatment for his acquired Human Immunodeficiency Virus ("HIV"). Presently pending is defendants' motion to dismiss plaintiff's request for injunctive relief, pursuant to defendants' contention that such relief is subsumed by the June 12, 2002 Stipulation for Injunctive Relief reached in the class action, *Plata v. Schwarzenegger,* Case No. C–01–1351 THE (N.D.Cal.2001). On the same basis, defendants seek dismissal of defendant Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff has not filed an opposition to defendants' motion. After the time for filing his opposition had passed, the court directed plaintiff to file such opposition within thirty days, and informed him that failure to do so would be deemed a statement of non-opposition to the motion, and may result in the dismissal of this action for failure to comply with a court order. (Dkt. No. 76.) Plaintiff did not respond to the court's order.[FN1]

> **FN1.** The court has verified through the "Inmate Locator" website operated by the California Department of Corrections and Rehabilitation that plaintiff is still incarcerated at the California Medical Facility.

Because defendants' motion seeks only a partial dismissal of plaintiff's case, the court addresses the merits of the motion, and declines to recommend dismissal of the entire action at this time. Rather, the court recommends that defendants' motion be granted in part, and that this case proceed on a narrowed basis.

*LEGAL STANDARDS*

Rule 12(b) (6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus,* 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir.1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly, 550 U.S. at 570.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 129 S.Ct. at 1949.* Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).

**\*2** A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982).

*DISCUSSION*

In the operative First Amended Complaint ("FAC" or "complaint") (Dkt. No. 64), plaintiff contends that, upon his transfer from California State Prison–Corcoran to CMF, defendants improperly discontinued the testosterone

Page 22

Not Reported in F.Supp.2d, 2011 WL 2457904 (E.D.Cal.)

(Cite as: 2011 WL 2457904 (E.D.Cal.))

treatments plaintiff had been receiving to combat metabolic dysfunction symptoms associated with his HIV and Highly Active Antiretroviral Therapy ("HAART"). This court found that the complaint may state a potentially cognizable Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs, against defendants CMF physicians Dr. U. Pai, Dr. Nicholas Aguilera, and Dr. Joseph A. Bick, and, less clearly, but "for present purposes," against the CDCR Secretary, based on plaintiff's general claims for injunctive relief. (*See* Dkt. No. 66 at 2–3, noting plaintiff's general challenge to an "official state policy" or "an arbitrary policy, pattern, practice or custom" that may underlie the decisions of the individual defendants to discontinue plaintiff's treatments, as set forth in the FAC, at 8.) The court further noted (Dkt. No. 66 at 4):

> Curiously, plaintiff does not expressly seek injunctive relief to obtain reinstatement of his testosterone treatments. The court is unable to determine, based on the allegations of the FAC, whether this is because plaintiff is now receiving such treatments, or because he has determined that such treatments are no longer warranted. Nonetheless, for present purposes and in the interests of expediting this four-year-old case, the court will construe plaintiff's request for injunctive relief, as well as his general request for "[s]uch other relief as [the] court deems just, equitable and fair" (FAC, at 11), to include, if applicable, a request for reinstatement of plaintiff's testosterone treatments.

After defendants filed an answer to the complaint, plaintiff filed a "response" in which he stated that he was indeed "ask[ing] this court to order reinstatement of the previously prescribed treatment." (Dkt. No. 75 at 3.)

Defendants contend that plaintiff may not pursue any injunctive relief in this action, asserting that plaintiff's general challenge to CMF policies, as well as his specific request to discontinue the subject treatment, are subsumed by the *Plata* class action. Pursuant to this argument, defendants also seek dismissal of the CDCR Secretary.

**\*3** The court takes judicial notice [FN2] of the *Plata* "Stipulation for Injunctive Relief." (Dkt. No. 73–1 ("Stipulation" or "Stip.")); *see also Plata v.*

*Schwarzenegger,* 2005 WL 2932253 (N.D.Cal.2005) (Appointment of Receiver). *Plata* is a class action of inmates in California state prisons with serious medical needs. (Stip. at ¶ 1.) Plaintiff, a CMF inmate with serious medical needs, is necessarily a member of the *Plata* class. (*Id.* at ¶ 5.) The Stipulation requires that all members of the class receive constitutionally adequate medical care consistent with applicable policies and procedures in effect as of February 2002. (*Id.* at ¶ 4.) Any disputes as to the adequacy of these policies and procedures are to be resolved pursuant to the dispute resolution procedures set forth in the Stipulation. (*Id.* at ¶¶ 26–28.) Disputes relative to the treatment of individual prisoners are to be pursued through the administrative grievance process, and then through private mediation with defendants. (*Id.* at ¶ 30.) These procedural requirements may be suspended only for inmates "requiring urgent medical care." (*Id.* at ¶ 7.)

> FN2. Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd,* 645 F.2d 699 (9th Cir.), *cert. denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

The Ninth Circuit has held that a plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for relief that is also sought by the class, but may pursue equitable relief that "exceeds," "goes beyond" or is "not covered" by the class action. *Crawford v. Bell,* 599 F.2d 890 (9th Cir.1979) (reversing district court's dismissal of plaintiff's claims for relief that were not included in a class action challenging overcrowding); *accord, McNeil v. Guthrie,* 945 F.2d 1163, 1166 n. 4 (10th Cir.1991) ("class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action"); *Rivera v. Bowe,* 664 F.Supp. 708, 710 (S.D.N.Y.1987) ("it would be improper to foreclose the parties from pursuing separate claims where such claims are not encompassed and litigable within the original action," citing *Crawford* ). In contrast, individual damages claims may clearly be pursued. "[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based

on the same events." *Hiser v. Franklin,* 94 F.3d 1287, 1291 (9th Cir.1996).

However, the Ninth Circuit has not addressed whether, or to what extent, *Plata* precludes a California inmate from pursuing an independent lawsuit for individual injunctive medical relief, and the distinction drawn in *Crawford* has been cited only infrequently. This court has found only one published district court decision addressing the matter. In *Burnett v. Dugan,* 618 F.Supp.2d 1232 (S.D.Cal.2009), the court granted preliminary injunctive relief to the plaintiff, who sought a court order requiring defendants to adhere to "chronos" setting forth plaintiff's medically-indicated housing needs. The district court noted that plaintiff was "not seeking relief on behalf of all the other inmates in the CDCR," nor seeking "broad based reform of the CDCR's medical practices which is the subject of the *Plata* litigation," but rather sought relief that was "quite narrow and specific to Plaintiff." *Burnett,* 618 F.Supp.2d at 1237. The court rejected defendants' argument that plaintiff was "automatically precluded from seeking injunctive relief for his medical related issues unless he first seeks relief as a member of the *Plata* class,"

noting that defendants "cite to no authority that requires any plaintiff follow the *Plata* procedures when they are attempting to enforce a specific medical treatment or doctor's order related only to that individual plaintiff." *Id.* The court also relied on the exception set forth in the *Plata* stipulation authorizing the suspension of its procedural requirements for inmates "requiring urgent medical care." *Id.*

**\*4** Although some courts have applied reasoning similar to that articulated in *Burnett,* to permit *Plata* plaintiffs to pursue individual claims for injunctive relief, there is a divergence of opinion among the unpublished district court decisions addressing this matter. Some courts have concluded that the plaintiff may not pursue *any* action for individual equitable relief during the pendency of the *Plata* class action. *See e.g. Grajeda v. Horel, et al.,* 2009 WL 302708, \*5–6 (N.D.Cal.2009) (dismissing plaintiff's equitable claims to obtain, inter alia, a cane and leg brace because such relief is encompassed by *Plata* ); *Meyer v. Schwarzenegger,* 2008 WL 2223253, \*14–15 (dismissing plaintiff's claim to obtain, inter alia, physical therapy for his chronic knee condition because he was "precluded, as a member of the *Plata* class from seeking injunctive relief in an individual action"); *Diaz v. Sisto,* 2010 WL 624618, \*8 (E.D.Cal.2010) (plaintiff, a diabetic, claiming that the simultaneous lines for obtaining insulin and food were too long to accomplish both, sought insulin injections twice a day and sufficient food, as well as a court order modifying the time for providing treatment to insulin dependent diabetics; the court dismissed "any claim for injunctive relief Plaintiff may have [because it] would fall under the class action in *Plata [.]*" citing

*Meyer, supra,* 2008 WL 2223253); *Jackson v. Lee,* 2009 WL 3047012 (N.D.Cal.2009) (dismissing plaintiff's claims for equitable relief regarding the quality of his personal medical care because subsumed by *Plata* and another class action).

Other cases, like *Burnett,* have more narrowly precluded only those equitable claims that seek broad, systemic changes targeted by the *Plata* class action. *See e.g. Bovarie v. Schwarzenegger,* 2010 WL 1199554, \*7 (S.D.Cal.2010) (dismissing plaintiff's claims for injunctive relief seeking "system-wide, structural reform ... [t]hat is precisely the objective of the plaintiffs in *Plata[.]* " noting that the result may be different if plaintiff were seeking "injunctive relief that is specific to his medical needs or the circumstances of his incarceration"); *Chess v. Dovey,* 2009 WL 2151998, \*6 (E.D.Cal.2009) (dismissing plaintiff's claims for "broad injunctive relief requiring implementation of a pain management program for all chronic care patients, the building of a diet kitchen, implementation of a physical therapy program and various other system-wide changes in the medical care provided in California prisons") (internal quotations omitted); *Martinez v. California,* 2008 WL 782861, \*3 (E.D.Cal.2008) (denying defendants' motion to dismiss plaintiff's equitable claims based on plaintiff's representation that he was "not seeking injunctive relief as to issues that were litigated in *Plata*" ); *Tillis v. Lamarque,* 2006 WL 644876, \*9 (N.D.Cal.2006) (finding that plaintiff's request for a transfer to another institution was not barred by *Plata* because "[p]laintiff is seeking relief solely on his own behalf"); *Burnett v. Faecher,* 2009 WL 2007118 (C.D.Cal.2009) (rejecting defendants' "apparent" argument "that no inmate in the entire state can bring any Eighth Amendment claim seeking equitable relief for inadequate medical care until the class action filed in 2001 has been fully litigated"); *Rincon v. Cate,* 2010 WL 5863894, \*4 (S.D.Cal.2010) (authorizing plaintiff to "maintain a separate suit arising from his discrete medical condition"); *Watson v. Sisto,* 2011 WL 533716, \*4–8 (E.D.Cal.2011), *adopted* 2011 WL 1219298 (E.D.Cal.2011) (granting in part defendants' motion to dismiss plaintiff's claims for injunctive relief, authorizing plaintiff to proceed only on his "discrete, individualized claims for equitable relief").

**\*5** The court's review of these cases and the *Plata* stipulation supports the reasonable construction set forth in *Burnett,* as the undersigned previously concluded in *Watson v. Sisto, supra,* 2011 WL 533716. The court applies that analysis here.

To the extent that plaintiff's complaint challenges institutional and state policies and procedures relative to the general provision of medical services, including testosterone treatments, such claims are encompassed within the broad goals of *Plata* to provide constitutionally

adequate medical care to all California prisoners with serious medical needs. Thus, plaintiff's general claims for system-wide reform (asserted throughout the FAC), should be dismissed. The dismissal of these claims dictates the dismissal of CDCR Secretary Matthew Cate.

In contrast is plaintiff's equitable request to obtain adequate medical care for himself only, including the reinstatement of his testosterone treatments. Because this discrete, individualized claim for equitable relief is not encompassed within the *Plata* class action, it should not be dismissed pursuant to the instant motion.

The question remains, however, whether plaintiff's claim for individual equitable relief (or, for that matter, this action) should proceed despite plaintiff's failure to respond to the court's order and to file an opposition to defendants' motion. The claim is central to this action—the alleged denial of the treatment plaintiff seeks is also the cornerstone of plaintiff's damages claim. In addition, the pending motion is limited in scope; defendants do not seek to dismiss this action in its entirety.

Therefore, the court concludes that plaintiff's individual equitable claim should proceed, at least for present purposes, along with his damages claim. Nonetheless, the undersigned additionally recommends that any further failure of plaintiff to respond to an order of this court, or failure to abide by the Federal Rules of Civil Procedure or the Local Rules of this court, should result in the dismissal of this action.

*CONCLUSION*

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
1. Defendant's motion to dismiss (Dkt. No. 73) be granted in part, and denied in part;

2. Plaintiff's equitable claims for system-wide reform be dismissed;

3. Defendant Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, be dismissed from this action;

4. This action proceed on plaintiff's damages claim and his individual claim for equitable relief; and

5. Plaintiff is informed that any further failure to respond to an order of this court, or failure to abide by the Federal Rules of Civil Procedure or the Local Rules of this court, will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

E.D.Cal.,2011.

Jaspar v. Khoury
Not Reported in F.Supp.2d, 2011 WL 2457904 (E.D.Cal.)
© 2012 Thomson Reuters.
No Claim to Orig. US Gov. Works.