1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY O'KEEFE,                      No.  2:  11-cv-2659 KJM KJN P

12              Plaintiff,

13        v.                               ORDER

14   JERRY BROWN, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions to stay this action filed

19   October 25, 2013, and December 16, 2013.  For the following reasons, these motions are denied.

20   Background

21        On January 2, 2013, the court granted defendants' motion to dismiss with leave to amend.

22   (ECF No. 69.)  In the third amended complaint filed January 28, 2013, plaintiff alleged that he

23   had not received adequate mental health care at the R.J. Donovan Correctional Facility

24   ("RJDCF"), where plaintiff was housed when he filed the third amended complaint.  (ECF No.

25   72.)  Plaintiff sought injunctive relief only.  (Id.)

26        On April 10, 2013, plaintiff filed a notice of change of address indicating that he had been

27   temporarily transferred to the California Medical Facility ("CMF").  (ECF No. 79.)  Plaintiff

28   stated that he was on his way to being permanently housed at Mule Creek State Prison ("MCSP").

1    (Id.)  On May 6, 2013, the court dismissed the third amended complaint with leave to file a fourth

2    amended complaint addressing the conditions at MCSP.  (ECF No. 80.)

3          On May 6, 2013, plaintiff filed a notice of change of address indicating that he had been

4    returned to RJDCF.  (ECF No. 81.)  Accordingly, on June 12, 2013, the court reinstated plaintiff's

5    third amended complaint.  (ECF No. 84.)

6          On August 6, 2013, plaintiff filed a notice of change of address indicating that he had

7    been temporarily transferred to the California Health Care Facility ("CHCF") in Stockton,

8    California.  (ECF No. 89.)  Plaintiff also filed a motion to stay this action because he did not have

9    access to a law library while housed at CHCF.  (ECF No. 90.)  On September 18, 2013, the court

10   granted plaintiff's motion to stay and ordered this action stayed until November 16, 2013, or if

11   plaintiff notified the court that he had been returned to RJDCF prior to that time.  (ECF No. 94.)

12         On October 15, 2013, plaintiff filed a notice of change of address indicating that he had

13   been transferred to California State Prison-Corcoran ("Corcoran").  (ECF No. 99.)  On October

14   25, 2013, plaintiff filed a motion to extend the stay on grounds that his situation was "still not

15   settled."  (ECF No. 101.)  Plaintiff alleged that he was requesting to be returned to RJDCF.  (Id.)

16         On December 16, 2013, plaintiff filed his second motion to extend the stay.  (ECF No.

17   109.)  Plaintiff alleged that his "situation" was going to change, but it could be in thirty days or

18   four to five months.  (Id.)  Plaintiff alleged that on December 4, 2013, he appeared before the

19   Classification Committee and requested that he be transferred to RJDCF.  (Id.)  Plaintiff

20   requested that the court stay this action until at least May 31, 2014.  (Id.)

21   Legal Standard

22         "[T]he decision to grant a stay ... is 'generally left to the sound discretion of district

23   courts.'"  Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) (quoting Schriro v. Landrigan, 550 U.S.

24   465, 473 (2007)).  However, "[t]he proponent of a stay bears the burden of establishing its need,"

25   and issuing a stay without taking any account of the nonmovant's interests in proceeding can be

26   an abuse of discretion.  Clinton v. Jones, 520 U.S. 681, 708 (1997).  In determining whether to

27   stay proceedings, courts generally "consider[ ] the following factors:  (1) judicial economy;

28   (2) the moving party's hardship; and (3) potential prejudice to the non-moving party."  Single

2

1 | Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D.Cal. 2007).

2 | Analysis

3 |      Plaintiff requests that the court stay this action for approximately six more months.  The

4 | grounds of this request are that plaintiff anticipates that his housing situation will be settled by

5 | that time.  For the following reasons, the undersigned finds that a stay is not warranted.

6 |      According to defendants, plaintiff is not going to be transferred to RJDCF.  On November

7 | 1, 2013, defendants filed the declaration of J. Powell, the Acting Chief of the Health Care

8 | Placement Oversight Program ("HCPOP") with California Correctional Health Care Services.

9 | (ECF No. 104.)  J. Powell states that plaintiff receives the Enhanced Out Patient ("EOP") level of

10 | care.  (Id. at 2.)  Plaintiff is also classified as a Level III inmate and designated as a Sensitive

11 | Needs Yard ("SNY") inmate.  (Id. at 2-3.)  RJDCF does not have a Level III SNY EOP Program.

12 | (Id. at 3.)  While RJDCF has a Level IV SNY EOP program, that program is for medical high risk

13 | patients and plaintiff does not meet the criteria.  (Id.)

14 |      According to J. Powell, the only institution that meets plaintiff's level of care, safety and

15 | security requirements is MCSP, but a staff safety concern regarding plaintiff has been identified

16 | at that prison.  (Id.)  Therefore, HCPOP, in coordination with the California Department of

17 | Corrections Classification Services Unit, determined that Corcoran, which has a Level IV SNY

18 | EOP program, would be the most appropriate institution to house plaintiff.  (Id.)  J. Powell states

19 | that should the safety concerns at MCSP be resolved, or should another Level III SNY EOP bed

20 | become available, plaintiff will be reconsidered for transfer to such an institution.  (Id.)

21 | Additionally, should plaintiff become eligible for a lower security level institution, he may be

22 | considered for transfer to an institution that offers the same clinical and safety concerns that he

23 | requires.  (Id. at 3-4.)  Finally, if plaintiff's level of care is downgraded, other institutions will be

24 | available to him for placement.  (Id. at 4.)

25 |      Based on the statements contained in the declaration of J. Powell, the court finds that

26 | plaintiff's placement at Corcoran is stable and it is not likely that plaintiff will be returned to

27 | RJDCF.  For this reason, staying this action for another six months does not promote judicial

28 | economy.  In addition, plaintiff's alleged hardship, i.e., the alleged instability of his housing

1    situation, is not supported by the information in J. Powell's declaration.  Staying this action for an

2    additional six months, under these circumstances, could also potentially prejudice defendants.

3         Accordingly, for the reasons discussed above, plaintiff's motions to continue the stay of

4    this action are denied.  Plaintiff has two options.  Plaintiff may either file a fourth amended

5    complaint addressing the conditions at Corcoran or he may move to voluntarily dismiss this

6    action without prejudice.

7         Accordingly, IT IS HEREBY ORDERED that:

8         1.   Plaintiff's motions to stay (ECF No. 101 and 109) are denied; and

9         2.   Plaintiff is granted thirty days to file either a fourth amended complaint addressing the

10             conditions at Corcoran or a motion to voluntarily dismiss this action without

11             prejudice; the court will screen a fourth amended complaint; defendants shall file

12             either a statement of opposition or non-opposition to a motion to voluntarily dismiss

13             within fourteen days of its filing.

14   Dated:  December 19, 2013

15

16   ok2659.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4