UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE, | No. 2:11-cv-2659 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JERRY BROWN, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order. (ECF No. 134.) For the following reasons, the undersigned recommends that this motion be denied.

    This action is proceeding on plaintiff's fourth amended complaint. (ECF No. 114.) On January 29, 2014, the undersigned issued an order screening the fourth amended complaint. (ECF No. 115.) The court ordered service of defendant Belavich, Swift, Vasquez, Grawal, Ferguson and Salkowaltz as to plaintiff's individual claim that he is not receiving treatment for voyeurism and exhibitionism at California State Prison-Corcoran ("Corcoran"). (Id.)

    In the pending motion for injunctive relief, plaintiff seeks an order prohibiting Sergeant McLaughlin from retaliating against plaintiff for the filing of an administrative appeal against him on April 17, 2014. Plaintiff alleges that Father Vanissery approved plaintiff's request to

1

order/possess a religious medal.  Plaintiff alleges that Sergeant McLaughlin intercepted the documents approving plaintiff's request for a religious medal and refused to give them back to plaintiff.  Plaintiff filed a grievance against Sergeant McLaughlin based on this incident.

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  See Fed.R.Civ.P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  See generally, Fed.R.Civ.P. 65; see also, L.R. 231(a).  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D.Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131–36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

////

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Plaintiff's claims regarding Sergeant McLaughlin are unrelated to the claims on which this action is proceeding, i.e., plaintiff's claims that he is not receiving treatment for exhibitionism and voyeurism. Because the grounds of plaintiff's request for injunctive relief are unrelated to the merits of the instant action, the court is unable to issue an order addressing plaintiff's pending motion for injunctive relief.

Accordingly, IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 134) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 1, 2014

Ok2659.pi

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE