1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY O'KEEFE,                                No.  2:11-cv-2659 KJM KJN P

12                    Plaintiff,

13          v.                                         ORDER

14    JERRY BROWN, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18    Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel

19    to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490

20    U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to

21    voluntarily to represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d

22    1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23    When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

24    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

25    se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970

26    (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

27    burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances

28    ////

1

1    common to most prisoners, such as lack of legal education and limited law library access, do not

2    establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

3         Plaintiff has competently litigated this action.  Having considered the factors under

4    Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional

5    circumstances warranting the appointment of counsel at this time.

6         On July 7, 2014, plaintiff filed a letter with the court stating that he has been put up for

7    transfer to a different prison.  (ECF No. 145.)  In this letter, plaintiff states that this transfer will

8    take him away from his family.  Plaintiff states that he will have nothing to look forward to and

9    that, "I feel like when I get to my new prison just giving up...meaning I'll take my frustration out

10   on myself in a physical way."

11        The undersigned is concerned by the allegations in plaintiff's July 7, 2014 letter set forth

12   above.  The defendants in this action include California Department of Corrections Director of

13   Mental Health Timothy Belavich.  The undersigned directs the Clerk of the Court to serve a copy

14   of plaintiff's July 7, 2014 letter on defendants.  Having brought plaintiff's letter to defendants'

15   attention, the court anticipates that defendants will take appropriate action in response.

16   Defendants are not required to file a response with the court.

17        Accordingly, IT IS HEREBY ORDERED that:

18        1.   Plaintiff's motion for the appointment of counsel (ECF No. 146) is denied without

19             prejudice;

20        2.   The Clerk of the Court is directed to serve a copy of plaintiff's July 7, 2014 letter

21             (ECF No. 145) on defendants.

22   Dated:  July 9, 2014

23

24   Okee2659.31

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                              2