1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY O'KEEFE,                          No.  2:  11-cv-2659 KJM KJN P

12                  Plaintiff,

13        v.                                   ORDER

14   JERRY BROWN, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  The instant order screens plaintiff's fifth amended complaint.

19   Background

20        On January 29, 2014, the undersigned issued an order and findings and recommendations

21   addressing plaintiff's fourth amended complaint.  (ECF Nos. 115, 116.)  At that time, plaintiff

22   was housed at California State Prison-Corcoran.  In the fourth amended complaint, plaintiff

23   alleged that he was not receiving adequate and appropriate care for exhibitionism, voyeurism and

24   paraphilia.  (ECF No. 113 at 4.)  Plaintiff sought injunctive relief only.

25        The undersigned ordered service of plaintiff's individual claims, alleging that his failure to

26   receive treatment for voyeurism, exhibitionism and paraphilia violated the Eighth Amendment, on

27   defendants Belavich, Swift, Vasquez, Grawal, Ferguson and Salkowaltz.  (ECF No. 115 at 8.)

28   The undersigned recommended dismissal of the remaining claims and defendants including:

1  1) plaintiff's claims seeking systemic changes regarding the California Department of Corrections

2  and Rehabilitation's ("CDCR") treatment of inmates with voyeurism, exhibitionism and

3  paraphilia; 2) plaintiff's claim alleging that the denial of his request for mental health care

4  violated his right to due process; 3) plaintiff's claim alleging that defendants' failure to return him

5  to the R.J. Donovan Correctional Facility ("RJDCF") was retaliatory and violated his

6  constitutional rights; and 4) all claims against defendants Governor Brown, CDCR Directors Cate

7  and Beard, Higgins, Paramo, Seibel, Greenwalk, McCarthy and Shuman.  (Id. at 8.)

8         On February 23, 2014, plaintiff filed objections to the findings and recommendations.

9  (ECF No. 118.)  In his objections, plaintiff stated that he was not seeking systemic changes

10  regarding CDCR's treatment of inmates with voyeurism, exhibitionism and paraphilia.  (Id. at 1.)

11         On September 17, 2014, plaintiff filed a notice of change of address indicating that he had

12  been transferred to the Correctional Training Facility ("CTF").  (ECF No. 166.)  On October 24,

13  2014, the undersigned directed plaintiff to file a fifth amended complaint.  (ECF No. 168)

14         On November 14, 2014, plaintiff filed a fifth amended complaint.  (ECF No. 171.)  Based

15  on this filing, the findings and recommendations addressing plaintiff's fourth amended complaint

16  are vacated.  The undersigned herein screens plaintiff's fifth amended complaint.

17  Discussion

18         Named as defendants are Governor Brown, CDCR Secretary Beard, CDCR Director of

19  Mental Health Timothy Belavich, CTF Warden M.E. Spearman, CTF Senior Psychologist D.

20  Sirkin, CTF Senior Psychologist Wynn, CTF Chief Psychologist Howlin, CTF Associate Warden

21  D. Silva, CTF Captain Hoffman, CTF Correctional Counselor Heatsie and CTF Correctional

22  Counselor Bonilla.  (Id. at 1-2.)  As in the fourth amended complaint, plaintiff seeks injunctive

23  relief only.

24         In claim one, plaintiff alleges that he has not received adequate treatment for paraphilia,

25  voyeurism and exhibitionism at CTF, where he is incarcerated, in violation of the Eighth

26  Amendment.  These allegations state a potentially colorable claim for relief.[1]

27

28  [1]  Plaintiff is not seeking systemic changes regarding CDCR's treatment of inmates with
voyeurism, exhibitionism and paraphilia.  Rather, he is bringing an individual claim for relief.

1    The court orders service of plaintiff's Eighth Amendment claim on defendants Belavich,

2 Spearman, Sirkin, Wynn, Howlin and Silva.  There are no facts indicating that defendants

3 Hoffman, Heatsie or Bonilla were involved in plaintiff's mental health care or that they could

4 respond to plaintiff's request for injunctive relief.  See Colwell v. Bannister, 763 F.3d 1060, 1069

5 (9th Cir. 2014).  Accordingly, the undersigned separately recommends dismissal of these

6 defendants.

7    With regard to defendants Governor Brown and Secretary Beard, plaintiff is not seeking

8 systemic changes regarding CDCR's treatment of inmates with paraphilia, voyeurism and

9 exhibitionism.  Because plaintiff challenges his mental health treatment at CTF only, defendants

10 Brown and Beard are not appropriate defendants.  Accordingly, the undersigned separately

11 recommends dismissal of these defendants.

12    In claim two, plaintiff alleges that defendants' failure to transfer him to RJDCF violates

13 his right to due process.  Plaintiff alleges that he is from San Diego County, where RJDCF is

14 located.  Plaintiff alleges that his family lives in San Diego County.  Plaintiff alleges that the

15 California Penal Code provides that a prisoner shall be housed at a prison closest to the prisoner's

16 home.

17    Prisoners do not have a constitutional right to be housed at a particular prison.  See Olim

18 Wakinekona, 461 U.S. 238, 245 (1983).  Thus, plaintiff's claim alleging that defendants' failure

19 to transfer him to RJDCF violates due process does not state a potentially cognizable claim for

20 relief.  Accordingly, the undersigned separately recommends dismissal of this claim.

21 Conclusion

22    Defendant Belavich has previously appeared in this action.  Counsel for defendant

23 Belavich is directed to inform the court within ten days whether they will accept service on behalf

24 of defendants Spearman, Sirkin, Wynn, Howlin and Silva, who have not previously been served.

25    In the fifth amended complaint, plaintiff requests that if treatment is not available for his

26 conditions within CDCR, that he be transferred to either Coalinga State Mental Hospital or

27 Atascadero State Hospital, where treatment is available.  (ECF No. 171 at 15.)  Defendant

28 Belavich, and any other defendants who have appeared, are directed to respond to the merits of

1   this request for injunctive relief within thirty days of the date of this order.

2           Finally, plaintiff has been transferred several times since he filed this action.  If plaintiff is

3   transferred again, rather than filing an amended complaint, he may file a motion to substitute as a

4   defendant the Warden of the prison to which he has been transferred.  See Fed. R. Civ. P. 25.

5           Accordingly, IT IS HEREBY ORDERED that:

6           1.  Within thirty days of the date of this order, defendant Belavich shall file a response to

7   those claims in the fifth amended complaint found potentially colorable above;

8           2.  Within ten days of the date of this order, counsel for defendant Belavich shall inform

9   the court whether they will accept service on behalf of defendants Spearman, Sirkin, Wynn,

10  Howlin and Silva;

11          3.  Within thirty days of the date of this order, defendants shall file a response to the

12  merits of plaintiff's request to be transferred to either Coalinga State Mental Hospital or

13  Atascadero State Hospital;

14          4.  The January 29, 2014 findings and recommendations (ECF No. 116) are vacated.

15  Dated:  January 23, 2015

16

17  _____
    KENDALL J. NEWMAN
18  UNITED STATES MAGISTRATE JUDGE

19

20

21  Okeef2659.ame

22

23

24

25

26

27

28

4