1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY O'KEEFE,                        No.  2:11-cv-2659 KJM KJN P

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14    JERRY BROWN, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  Pending before the court is plaintiff's May 6, 2015 motion for injunctive

19    relief.  (ECF No. 203.)  For the following reasons, this motion should be denied.

20        This action is proceeding on the fifth amended complaint filed November 14, 2014.  (ECF

21    No. 171).  Plaintiff alleges that defendants have failed to provide him with adequate mental health

22    care for exhibitionism, voyeurism and paraphilia.  (Id. at 4.)  Plaintiff requests injunctive relief in

23    the form of an order directing defendants to provide him with treatment for these conditions.  (Id.

24    at 14.)

25    ////

26    ////

27    ////

28    ////

1

1    In the pending motion for injunctive relief, plaintiff seeks an order preventing defendants

2  from elevating his level of mental health care treatment from "CCCMS" to "EOP." (ECF No.

3  203 at 2.) Plaintiff alleges that the EOP level of care is not appropriate for him. (Id.) Plaintiff

4  alleges that half of the prisoners who are EOP are low functioning and plaintiff cannot relate to

5  them. (Id. at 3.) Plaintiff alleges that the other half of prisoners who are EOP are "playing" in

6  order to be at that level of care. (Id.)

7    In order to obtain injunctive relief, plaintiff must establish the following: 1) he is likely to

8  succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary

9  relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest.

10  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

11    Plaintiff has failed to demonstrate how the subject matter of his pending motion for

12  injunctive relief has any bearing on his likelihood of success on the merits of his underlying

13  claim. A plaintiff seeking injunctive relief must show "[a] relationship between the injury

14  claimed in the party's motion and the conduct asserted in the complaint." Devose v. Harrington,

15  42 F.3d 470, 471 (8th Cir. 1994). Plaintiff has not demonstrated how his claim alleging that the

16  EOP level of care is not appropriate for him is related to the claim on which this action is

17  proceeding, i.e., defendants are not providing him with adequate treatment for voyeurism,

18  exhibitionism and paraphilia. Because the conduct plaintiff seeks to enjoin appears to have no

19  bearing on plaintiff's likelihood of success on the merits, the pending motion for injunctive relief

20  should be denied.

21    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive

22  relief (ECF No. 203) be denied.

23    These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties. Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

28  objections shall be filed and served within fourteen days after service of the objections. The

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  May 14, 2015

4

5   _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

6   Ok2659.tro

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28