UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE, | No. 2:11-cv-2659 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Pending before the court is plaintiff's third motion for the appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff. Id.  Circumstances common to most prisoners, such as lack of

1

legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the pending motion, plaintiff states that he recently received the court's discovery order. Plaintiff states that he has no idea how to proceed with discovery. Plaintiff also states that he has mental health issues.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff has competently represented himself in this action. Plaintiff may consult the Federal Rule of Civil Procedure regarding discovery practice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 21, 2015 motion for the appointment of counsel (ECF No. 210) is denied without prejudice.

Dated: May 29, 2015

okee2659.31.kjn

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2