UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | No. 2:11-cv-2659 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's May 28, 2015 motion to stay this action (ECF No. 212), and June 11, 2015 motion to place his transfer on hold (ECF No. 215). The undersigned construes plaintiff's motion requesting that the court place his transfer on hold as a motion for injunctive relief. For the following reasons, the undersigned recommends that both of these motions be denied.

     This action is proceeding on the fifth amended complaint filed November 14, 2014. (ECF No. 171.) Plaintiff alleges that defendants have failed to provide him with adequate mental health care for exhibitionism, voyeurism and paraphilia. (Id. at 4.) Plaintiff requests injunctive relief in the form of an order directing defendants to provide him with treatment for these conditions. (Id. at 14.)

////

<u>Motion to Delay Transfer</u>

Plaintiff is currently housed at the Correctional Training Facility ("CTF") in Soledad, California.

In the motion to put his transfer on hold, plaintiff alleges that on May 21, 2015, his level of psychiatric treatment was elevated from CCCMS to EOP. (ECF No. 215 at 1.) Plaintiff alleges that he objected to this change in his level of care. (<u>Id.</u>) Plaintiff alleges that he does not meet the treatment criteria for EOP. (<u>Id.</u> at 2.) Plaintiff alleges that on June 3, 2013, he appeared before a classification committee and was put up for transfer to Valley State Prison or R.J. Donovan based on his new mental health treatment classification. (<u>Id.</u>) Plaintiff requests that the court order prison officials not to transfer him based on his new, and allegedly inappropriate, mental health classification. (<u>Id.</u> at 3-4.)

In order to obtain injunctive relief, plaintiff must establish the following: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. <u>Winter v. Natural Resource Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

Plaintiff has failed to demonstrate how the subject matter of his pending motion for injunctive relief has any bearing on his likelihood of success on the merits of his underlying claim. A plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." <u>Devose v. Harrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiff has not demonstrated how his claim challenging his new EOP classification, which would result in his transfer to a prison where EOP treatment is offered, is related to the claim on which this action is proceeding, i.e., defendants are not providing him with adequate treatment for voyeurism, exhibitionism and paraphilia.[1] Because the

---

[1] In the fifth amended complaint, plaintiff alleges that he has not been provided treatment for voyeurism, exhibitionism or paraphilia at any prison he has ever been incarcerated in. (ECF No. 171). On March 17, 2015, defendant Belavich filed a pleading essentially confirming that no treatment for these conditions is offered within the California Department of Corrections and Rehabilitation. (ECF No. 190). Therefore, plaintiff's transfer to a different prison based on his classification from CCCMS to EOP level of care does not impact his receipt of treatment for these conditions.

conduct plaintiff seeks to enjoin appears to have no bearing on plaintiff's likelihood of success on the merits, the pending motion for injunctive relief should be denied.[2]

Request to Stay

Plaintiff requests that this action be stayed on grounds that he will be soon transferred to a different prison based on his new mental health classification, i.e., EOP. (ECF No. 212.) Plaintiff requests that this action be stayed until his "situation is stable." (Id. at 2.)

A district court's discretion to stay proceedings is "incidental to the power inherent in every court to control disposition of the cases on its docket with the economy of time and effort for itself, for counsel and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

Plaintiff has not shown that a stay is warranted based on his anticipated transfer. While being transferred to a new prison may be disruptive, and may result in a brief separation from legal property, it is not an unusual occurrence. If plaintiff is unable to meet a court deadline due to his transfer, he may move for an extension of time.

Because plaintiff's motion for a stay is not well supported, it should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to stay (ECF No. 212) and plaintiff's motion for the court to put his transfer on hold (ECF No. 215), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

////

////

---

[2] On May 6, 2015, plaintiff filed a motion for injunctive relief challenging his classification from CCCMS to EOP level of care. (ECF No. 203.) On May 14, 2015, the undersigned recommended that this motion be denied on the same grounds the pending motion for injunctive relief should be denied. (ECF No. 209.)

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2015

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ok2659.inj