UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE, | No. 2: 11-cv-2659 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the fifth amended complaint filed November 14, 2014.  (ECF No. 171.)  Plaintiff alleges that defendants have failed to provide him with adequate mental health care for exhibitionism, voyeurism and paraphilia.  (Id. at 4.)  Plaintiff requests injunctive relief in the form of an order directing defendants to provide him with treatment for these conditions.  (Id. at 14.)

Several matters are pending before the court.

<u>Motion to Extend Discovery Deadline</u>

Pursuant to the May 13, 2015 scheduling order, the discovery deadline was September 4, 2015.  (ECF No. 207.)

On August 3, 2015, plaintiff filed a motion to extend the discovery deadline to November 3, 2015.  (ECF No. 225.)  Plaintiff requests that the discovery deadline be extended because he is

1

tired all the time because he suffers from sleep apnea. Plaintiff also alleges that he suffers from severe back, neck and left shoulder pain that impacts his ability to sleep. Plaintiff also alleges that his ability to conduct discovery is limited due to inadequate law library access.

Defendants did not oppose plaintiff's motion to extend the discovery deadline. Good cause appearing, the undersigned grants plaintiff's request. Because of the time that has passed since plaintiff filed his request, the discovery deadline will be extended to December 31, 2015. No further extensions will be granted.

Motion for Appointment of Counsel

On August 5, 2015, plaintiff filed a letter with the court requesting the appointment of counsel. (ECF No. 226.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff's Motion to File Sixth Amended Complaint

On September 16, 2015, plaintiff filed a motion for leave to file a sixth amended complaint. (ECF No. 230.) Plaintiff requests permission to file a sixth amended complaint to add

additional claims alleging that defendants violated his constitutional rights by changing his mental health classification to the Enhanced Outpatient Program ("EOP").

Plaintiff's motion for leave to file a sixth amended complaint was not accompanied by a proposed sixth amended complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed sixth amended complaint, the court is unable to evaluate it. For this reason, plaintiff's motion to amend is denied.[1]

Settlement

On August 31, 2015, plaintiff filed a letter with the court. (ECF No. 227.) In this letter, plaintiff stated that during a deposition conducted on August 25, 2015, he and defense counsel discussed a possible settlement of this action. According to plaintiff, in exchange for dismissal of this action, defendants would agree to permanently transfer him to the R.J. Donovan Correctional Facility ("RJDCF"). Plaintiff stated that despite these settlement negotiations, he received a notice dated August 24, 2015, endorsing his transfer to Salinas Valley State Prison ("SVSP").

On September 8, 2015, the undersigned ordered defendants to file a status report addressing the status of their settlement negotiations with plaintiff. (ECF No. 228.)

On September 14, 2015, defendants filed a response to the September 8, 2015 order. (ECF No. 229.) Defendants state that, to date, no settlement negotiations have taken place between plaintiff and defendants. Defendants state that defense counsel informed plaintiff during the deposition that defendants were not capable of meeting plaintiff's demands for permanent housing at a particular institution.

After reviewing defendants' September 14, 2015 pleading, the undersigned finds that the court's inquiry regarding the alleged settlement negotiations is resolved.

////

---

[1] If plaintiff files a sixth amended complaint containing the proposed new claims, it is likely that the motion will be denied. This action has been pending for five years. Allowing plaintiff to include new claims at this late stage of the litigation would most likely prejudice defendants as well as the court. If plaintiff wishes to proceed on the proposed new claims, he should consider filing a separate civil rights action.

3

Accordingly, IT IS HERBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline (ECF No. 225) is granted.

2. The discovery deadline is reset to December 31, 2015; any motions to compel discovery shall be filed by that date. All requests for discovery pursuant to Federal Rule of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date. No further requests for extensions of time to conduct discovery will be granted.

3. The dispositive motion deadline is extended to March 31, 2016; all pretrial motions, exception motions to compel discovery, shall be filed with the court on or before that date.

4. Plaintiff's motion for appointment of counsel (ECF No. 226) is denied.

5. Plaintiff's motion for leave to file a sixth amended complaint (ECF No. 230) is denied.

Dated: October 1, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ok2659.clp