UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE,<br><br>    Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants. | No.  2:  11-cv-2659 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motions for appointment of counsel and for law library access.  (ECF No. 238.)  For the following reason, this motion is denied.

Plaintiff alleges that since his arrival at Salinas Valley State Prison ("SVSP") on September 22, 2015, he has requested law library access, but not been called to the law library. Plaintiff alleges that the law library is seldom open and understaffed.  Plaintiff signed his motion on October 6, 2015.

The undersigned finds that plaintiff has not made an adequate showing that he is being denied law library access.  At the time plaintiff signed his motion, he had only been at SVSP for fourteen days.  Plaintiff does not state when he submitted his requests for law library access.  For these reasons, plaintiff's motion for law library access is denied without prejudice.  If plaintiff refiles his motion, he must discuss when he submitted his requests and to whom they were made.

1

1  Plaintiff must also describe any law library access he has been granted.

2  Plaintiff also requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel and for law library access (ECF No. 238) is denied without prejudice.

Dated:  October 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ok2659.ll(2)