UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE,<br><br>  Plaintiff,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>  Defendants. | No. 2: 11-cv-2659 KJM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Plaintiff's Motion to "Enjoin" William Muniz as a Defendant (ECF No. 244)

This action is proceeding on the fifth amended complaint filed November 14, 2014. (ECF No. 171). Plaintiff alleges that defendants have failed to provide him with adequate mental health care for exhibitionism, voyeurism and paraphilia. (Id. at 4.) Plaintiff requests injunctive relief in the form of an order directing defendants to provide him with treatment for these conditions. (Id. at 14.)

In the fifth amended complaint, plaintiff alleges that he has not been treated for exhibitionism, voyeurism and paraphilia at any CDCR institution he has ever been incarcerated in (Id. at 9-13.) In other words, the gravamen of this action is plaintiff's claim that CDCR fails to provide treatment for these conditions.

1

The defendants in this action are Howlin, Belavich, Sirkin, Wynn, Silva and Spearman. Defendant Belavich is the Director of Mental Health for the California Department of Corrections and Rehabilitation ("CDCR"). The other defendants are employed at the Correctional Training Facility ("CTF"), where plaintiff was incarcerated when he filed the fifth amended complaint.

On October 5, 2015, plaintiff filed a notice of change of address indicating that he had been transferred to Salinas Valley State Prison ("SVSP"). (ECF No. 235.) Defendant Muniz is the SVSP Warden. In the pending motion, plaintiff requests that defendant Muniz be added as a defendant.

All that is required in action for injunctive relief is to name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F.Supp. 464, 475–77 (E.D.Mich. 1991); Malik v. Tanner, 697 F.Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F.Supp. 784, 786 (E.D.Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985) (permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.)

However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25 (1991). In this instance, plaintiff alleges that he is being denied treatment for his conditions pursuant to a state policy. Defendants confirmed this allegation in their March 17, 2015 pleading responding to plaintiff's request for injunctive relief.[1] (ECF No. 190.) Thus, it appears that defendant Belavich, as the CDCR Director of Mental Health, is capable of responding to a court order for injunctive relief should one ever be issued. For this reason, the undersigned finds that plaintiff is not required to file a sixth amended complaint naming the SVSP Warden as a defendant.

---

[1] In this pleading, defendants stated that CDCR does not offer treatment for the mental illnesses from which plaintiff allegedly suffers. (ECF No. 190 at 2.)

Accordingly, plaintiff's motion to add Warden Muniz as a defendant is denied as unnecessary without prejudice.[2]

Plaintiff's Motion to Appoint Expert Witness (ECF No. 245)

Plaintiff requests that the court appoint an expert witness to examine him in order to determine his need for treatment for exhibitionism and voyeurism pursuant to Federal Rule of Evidence 706.

A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); McKinney v. Anderson, 924 F.2d 1500, 1510–11 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." Levi v. Dir. of Corr., 2006 WL 845733 (E.D. Cal. 2006) (citing Leford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)).

Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gorton v. Todd, 793 F.Supp.2d. 1171, 1178 (E.D. Cal. 2011). Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. Id. at 1179. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Id. at 1182–84. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. Id. at 1181.

At this stage of the litigation, the undersigned does not believe that a neutral expert will assist the trier of fact to understand the evidence or decide a fact in issue, but the undersigned cannot conclusively determine whether appointment of an expert witness may be warranted at some point in this litigation. Based on the claims on which this action proceeds, the undersigned

---

[2] If defendants later argue that the SVSP Warden is required as a defendant in order for plaintiff to receive injunctive relief, the undersigned will consider allowing plaintiff to file a sixth amended complaint naming the SVSP Warden as a defendant.

finds that consideration of whether appointment of an expert witness is warranted is more appropriate at the dispositive motion stage of this action. For this reason, plaintiff's motion for appointment of an expert witness is denied without prejudice to reconsideration at a later stage of this action.

<u>Plaintiff's Letter Regarding Request for Production of Documents (ECF No. 246)</u>

On October 1, 2015, the undersigned granted plaintiff's motion to extend the discovery deadline. (ECF No. 233.) The October 1, 2015 order set the discovery deadline to December 31, 2015. (<u>Id</u>) This order stated that all requests for discovery were to be filed not later than sixty days prior to that date. (<u>Id.</u>) This order also stated that no further requests for extensions of time to conduct discovery would be granted. (<u>Id.</u>)

On December 3, 2015, plaintiff filed a letter with the court stating that defendants refused to respond to his request for production of documents. (ECF No. 246.) Attached to plaintiff's letter is a copy of a letter addressed to plaintiff from defense counsel dated November 23, 2015. (<u>Id.</u> at 3.) This letter states that defense counsel received plaintiff's request for production of documents directed to defendant Spearman, served on November 15, 2015. (<u>Id.</u>) Defense counsel states that the request for production of documents was untimely because it was not served sixty days prior to December 31, 2015. (<u>Id.</u>)

In his December 3, 2015 letter to the court, plaintiff states that he thought he had until December 31, 2015 to serve his discovery requests. (<u>Id.</u> at 1.) Plaintiff also states that he has a difficult time with his cognitive functioning due to health reasons. (<u>Id.</u>) Plaintiff states that he is going to "leave the issue up to you as to whether or not I am entitled to the documents requested…" (<u>Id.</u>)

Plaintiff has not shown good cause for the court to order defendants to respond to his untimely request for production of documents. Accordingly, plaintiff's request that defendants be ordered to respond to his untimely request for production of documents is denied.<sup>3</sup>

---

[3] While plaintiff alleges that he did not understand that his discovery requests were due 60 days prior to December 31, 2015, the undersigned observes that plaintiff is not a novice litigator. Additionally, in the request for production of documents, plaintiff requested that defendants produce "any and all logs either electronic or written that would reflect every time North Facility

4

<u>Plaintiff's Motion for Appointment of Counsel (ECF No. 240)</u>

The undersigned has previously denied a motion for appointment of counsel filed by plaintiff. (See ECF No. 240.) In light of that order, and for the reasons stated therein, plaintiff's pending motion for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to "enjoin" defendant Muniz as a defendant (ECF No. 244) is denied;

2. Plaintiff's motion for appointment of an expert witness (ECF No. 245) is denied;

3. Plaintiff's request that the court order defendants to respond to his request for production of documents (ECF No. 246) is denied;

4. Plaintiff's motion for appointment counsel (ECF No. 249) is denied.

Dated: January 14, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ok2659.clp(3)

---

B at the Correctional Training Facility was placed on a modified program or was locked down for the period of time from September 30, 2014 to September 21, 2015, and the reason why the program of yard and day room was modified or shut down." The requested documents do not appear to be relevant to the claims on which this action is proceeding.

5