UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE, | No. 2:11-cv-2659 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2016, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff and defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. The magistrate judge recommends that defendants' motion for summary judgment, ECF No. 257, be granted in all respects except as to plaintiff's claim for injunctive relief against defendants Sirkin, Howlin and the Deputy Director

1

of the California Department of Corrections and Rehabilitations' (CDCR) Statewide Mental Health Program. For the reasons set forth in this order, the court adopts the recommendations except that the action will also proceed against defendant Wynn on plaintiff's official capacity claim for injunctive relief.

I. BACKGROUND

As set forth by the magistrate judge, this action is proceeding on Eighth Amendment claims that defendants have failed to provide him with mental health treatment for paraphilia, exhibitionism and voyeurism. Plaintiff initially raised these claims in a letter to the court dated October 5, 2011, which was the initial pleading in this action. *See* ECF No. 1. Plaintiff sought to proceed against former California Department of Corrections and Rehabilitation (CDCR) Secretary Matthew Cate, the CDCR's Chief Psychiatrist and the CDCR's Chief Psychologist. *Id*. In a letter filed November 5, 2011, plaintiff sought to proceed on the same claim against former Secretary Cate, the Chief Psychiatrist of CDCR, the Warden of Salinas Valley State Prison (SVSP) where plaintiff was then incarcerated, the Chief Psychiatrist at SVSP, and California Governor Jerry Brown. ECF No. 5.

On January 27, 2017, as required by court order, ECF No. 18, plaintiff filed a second amended complaint on the court's form for § 1983 actions. ECF No. 21. The second amended complaint again raised the Eighth Amendment issue raised in plaintiff's letters, and named Governor Brown, former Secretary Cate, the Chief Psychiatrist of CDCR and the Chief Psychologist of CDCR as defendants. *Id*. In the second amended complaint, plaintiff sought injunctive relief requiring defendants to provide him with mental health care for his conditions. *Id*. at 12.

On January 2, 2013, the magistrate judge granted a defense motion to dismiss and granted plaintiff leave to amend. ECF No. 69. The principal basis for the dismissal was the finding that plaintiff was precluded by the class action in *Coleman v. Brown*, Case No. 2:90-0520 KJM DB P, and that plaintiff had named the moving defendants based on their supervisorial roles in the prison system rather than based on their direct involvement in the events complained of. *See id*. at 13. For that reason, plaintiff was granted leave to file a third amended complaint "to

2

name as defendants those persons responsible for the alleged denial of plaintiff's personal mental health care." *Id*.

On January 28, 2013, plaintiff filed a third amended complaint. ECF No. 72. Plaintiff raised the same claim, alleging that he was not receiving adequate mental health treatment for exhibitionism, voyeurism and paraphilia. ECF No. 80 at 1. He named as defendants the Chief Psychiatrist of CDCR, the Warden of R.J. Donovan Correctional Facility (RJD), where he was then housed, and two psychologists at RJD, Greenwald and McCarthy. *Id*. Again, plaintiff sought injunctive relief only. *Id*. By order filed May 6, 2013, the third amended complaint was dismissed with leave to amend on the ground that plaintiff had left RJD, was temporarily housed at California Medical Facility (CMF), and was allegedly on his way to Mule Creek State Prison (MCSP). *Id*. at 2. Plaintiff was instructed to "name as defendants those persons at the prison where plaintiff is permanently housed who are responsible for the alleged denial of personal mental health care." *Id*. at 3. By order filed June 12, 2013, the magistrate judge reinstated plaintiff's third amended complaint because plaintiff had returned to RJD. *See* ECF No. 84. Subsequently, on December 20, 2013, the third amended complaint was dismissed with leave to amend because plaintiff had been transferred to California State Prison-Corcoran (Corcoran) and evidence suggested he was not going to be returned to RJD. *See* ECF No. 110 at 2-3.

Plaintiff filed a fourth amended complaint on January 16, 2014. ECF No. 113. The fourth amended complaint raised the same claim, now against California Governor Jerry Brown, then Secretary of CDCR Jeffery Beard, then CDCR Director of Mental Health Timothy Belavich, prison officials and mental health workers at Corcoran, and prison officials and psychologists at RJD. *See id*. The magistrate judge screened the complaint and ordered service on defendant Belavich and the five Corcoran defendants as individuals "who may be able to respond to plaintiff's request for injunctive relief." *See id*. at 2, 7, 9.

On April 29, 2014, defendants filed a motion to dismiss the fourth amended complaint for failure to state a claim and failure to exhaust administrative remedies. *See* ECF No. 168 (citing ECF No. 135). Plaintiff sought leave to amend on the grounds that he was once again

3

facing transfer to a new prison. ECF No. 168 at 2.  The magistrate judge found his claims regarding conditions at Corcoran were moot and granted him leave to file a fifth amended complaint raising claims based on conditions at his next place of incarceration, Correctional Training Facility (CTF) in Soledad, California.  *Id*.

Plaintiff filed his fifth amended complaint on November 14, 2014, again seeking injunctive relief.  ECF No. 171 at 15.  For the first time, plaintiff expanded his prayer for relief to include a request for punitive damages in the amount of $10,000, but did not seek compensatory damages.  *Id*. at 15.  On January 23, 2015, the court found colorable the same Eighth Amendment claim that has been raised in every complaint filed in this action.  *Id*. at 2.  The court ordered service of the fifth amended complaint on defendant Belavich and five defendants at CTF.  *Id*. at 3.  It is these defendants who have filed the motion for summary judgment that is the subject of the findings and recommendations now before the court.

II. <u>ANALYSIS</u>

    A. <u>Plaintiff's Claim for Injunctive Relief</u>

        1. <u>Serious Medical Need</u>

The magistrate judge finds there are material factual disputes as to "whether plaintiff's latent voyeurism and latent exhibitionism constitute serious medical needs."  ECF No. 272 at 8.  Defendants contend "latent exhibitionism and voyeurism are not serious medical needs" within the meaning of Eighth Amendment jurisprudence because (1) "a latent, asymptomatic mental health problem should not be construed as an 'injury'"; and (2) while latent those conditions do not affect plaintiff's day-to-day life.  ECF No. 273 at 2-3.

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).  As the magistrate judge correctly noted, "'[e]xamples of serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial

4

pain."'" ECF No. 272 at 8 (*quoting Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (*in turn citing McGuckin*, 974 F.2d at 1059-60). Defendants' objection parses this test too closely. As the magistrate judge found, there is evidence in the record that two mental health professionals opined that plaintiff should receive treatment for exhibitionism and voyeurism while in prison even though there is apparent agreement that those conditions are latent while plaintiff is incarcerated. ECF No. 272 at 8. This evidence is sufficient to suggest plaintiff's exhibitionism and voyeurism may be a serious medical need even if plaintiff does not act on the impulses created by these conditions during imprisonment. Defendants presented a different medical opinion to support their motion for summary judgment. After review, the court agrees with the magistrate judge that these differing medical opinions create material disputes of fact as to whether, while latent, plaintiff's exhibitionism and voyeurism constitute a serious medical need. Defendants' objections are overruled.

2. Deliberate Indifference

Defendants also raise an objection to an asserted finding by the magistrate judge that there is "a dispute of material fact regarding defendants' subjective deliberate indifference." ECF No. 273 at 9. In their motion for summary judgment, defendants argue that because plaintiff was seen by mental health professionals twice a week, he cannot prove defendants were deliberately indifferent to his need for treatment of his exhibitionism and voyeurism. ECF No. 257-1 at 5-6. Defendants contend plaintiff's claim amounts to no more than a difference of opinion over the proper course of mental health treatment and does not rise to the level of a constitutional violation. *Id*. at 6; *see also* ECF No. 272 at 9. It is undisputed that plaintiff has not been treated for exhibitionism or voyeurism during any time relevant to this litigation. The magistrate judge correctly finds that if these two conditions are serious medical needs, a material issue in dispute, then defendants' failure to provide treatment could amount to more than a difference of opinion and could constitute deliberate indifference. ECF No. 272 at 9. This finding is correct and supported by the record.

Defendants also contend they cannot be found to be deliberately indifferent in these circumstances, where the California Department of Corrections and Rehabilitation (CDCR)

5

1 does not offer treatment of these conditions in CDCR prisons to inmates who are not exhibiting
2 symptoms of the conditions. Defendants rely on *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir.
3 2014). Their reliance is misplaced. In *Peralta*, the Ninth Circuit held that lack of resources could
4 be a defense to an individual Eighth Amendment damages action, but "is not a defense to a claim
5 for prospective relief because prison officials may be compelled to expand the pool of existing
6 resources in order to remedy continuing Eighth Amendment violations." *Peralta*, 744 F.3d at
7 1083. Peralta does not support defendants' position, at least as far as plaintiff's prayer for
8 injunctive relief is concerned.

9 Resolution of plaintiff's claim for injunctive relief requires resolution of the
10 primary factual dispute between the parties: whether plaintiff's exhibitionism and voyeurism
11 constitutes a serious medical need. Because of that dispute, defendants are not entitled to
12 summary judgment on this claim.

13 Defendants also contend the magistrate judge has misstated plaintiff's claims for
14 injunctive relief, arguing that plaintiff in fact only seeks the broad systemic changes the
15 magistrate judge and defendants both recognize are unavailable to plaintiff in this action because
16 of the class action lawsuit, *Coleman v. Brown*, Case No. 2:90-0520 KJM DB P. ECF No. 273 at
17 5. This objection is without merit. Plaintiff alleges he is not receiving adequate psychiatric care
18 for his diagnoses of exhibitionism and voyeurism, and that the absence of adequate care is
19 causing him injury, including "chronic suicidal thinking." ECF No. 171 at 4. The magistrate
20 judge correctly observes that systemic relief for treatment of those two conditions is unavailable
21 in this action in light of plaintiff's complaint, but that individual injunctive relief may be available
22 to plaintiff. ECF No. 272 at 15. This issue has been addressed in several of the magistrate
23 judge's orders identified above. There is no claim for systemic relief in this action, and it is clear
24 plaintiff is proceeding solely on his own individual claim for injunctive relief.

25 Defendants have presented evidence that they do provide treatment for
26 exhibitionism, but that such treatment is available only for inmates who engage in exhibitionism
27 while incarcerated. *Id*. at 6 (quoting Decl. of R. Schwartz, ECF No. 257-10 ¶ 3). Defendants also
28 have presented evidence that the Department of State Hospitals (DSH) provides specialized

treatment programs, but only to individuals on parole. ECF No. 272 at 6 (quoting Decl. of R. Schwartz, ECF No. 257-10 ¶ 6). Thus, the record suggests that there are clinicians available in both CDCR and through DSH who could provide treatment to plaintiff, but that he does not meet the current institutional criteria for such treatment in that he has not engaged in exhibitionism and he is not yet on parole.

### 3. Proper Defendants

The question remains, however, which, if any, defendants are potentially liable on plaintiff's claim for injunctive relief. The magistrate judge finds "[a]ll that is required in an action for injunctive relief, such as the instant action, is to name an official who could appropriately respond to a court order on injunctive relief should one ever be issued." ECF No. 272 at 16 (citing *Harrington v. Grayson*, 764 F.Supp. 464, 475-77 (E.D.Mich. 1991) and *Malik v. Tanner*, 697 F.Supp. 1294, 1304 (S.D.N.Y. 1988)). Defendants do not squarely address this finding in their objections, resting instead on their contention that plaintiff has not shown any defendant was deliberately indifferent to his medical conditions. *See* ECF No. 273, *passim*.

Plaintiff has named all defendants in both their individual and their official capacities. ECF No. 171 at 2. While any claims against defendants in their individual capacities must be supported by facts showing their personal involvement in the events complained of, the same is not true for claims against defendants in their official capacities. "[I]t is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued." *Allgire v. Castro*, 2005 WL 1458720, slip op. at 1 (E.D. Cal. 2005). "However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief." *Id*. (citing *Haber v. Melo*, 502 U.S. 21, 25 (1991)).

The record supports the magistrate judge's implied finding that injunctive relief is available to plaintiff only, if at all, against defendants Belavich, Howlin, Sirkin and Wynn, or their successors, any or all of whom would be capable of responding to an order granting

7

plaintiff's request for injunctive relief. Any remaining claim against these four defendants is against them only in their official capacities. As the parties have not fully briefed the standards applicable to plaintiff's claim for injunctive relief against defendants in their official capacities, the matter will be referred back to the assigned magistrate judge for further proceedings on that claim.

B. Damages

The magistrate judge finds the operative fifth amended complaint contains no charging allegations against defendant Belavich; that defendants failed to move for summary judgment on the sole operative allegation against defendants Howlin and Sirkin, a finding defendants object to; and that the other three defendants were not involved in the decisions to deny plaintiff mental health treatment for exhibitionism and voyeurism. For these reasons, the magistrate judge recommends that the motion for summary judgment be granted as to damages claims against all defendants except defendants Howlin and Sirkin. ECF No. 272 at 10-15. He then recommends summary judgment for defendants Howlin and Sirkin on any damages claim on the grounds of qualified immunity. *Id*. at 17-19.

As discussed above, while plaintiff has made no claims for compensatory damages the fifth amended complaint does include a claim for punitive damages. Defendants seek summary judgment on this claim on the grounds of qualified immunity "in the event that the Court has not dismissed Plaintiff's claims for punitive damages." ECF No. 257-1 at 8. The magistrate judge finds defendants Sirkin and Howlin entitled to qualified immunity because their reliance on CDCR policy and practice, under which plaintiff does not qualify for treatment of exhibitionism or voyeurism, was reasonable. He does not address the qualified immunity defense as to the other three defendants, because he finds them entitled to summary judgment on the merits of plaintiff's Eighth Amendment claims against them insofar as plaintiff seeks money damages, i.e., in their individual capacities.

The standard for punitive damages requires a showing that "the defendant's conduct is . . . motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

The court is satisfied that the question raised by this action is whether the failure to provide plaintiff with treatment for his exhibitionism and voyeurism, which requires prison officials to make an exception to existing program criteria for treatment of these conditions, violates plaintiff's constitutional rights. It is settled that the constitutionality of the existing criteria as a general matter is not at issue in this action. The sole question is whether defendants should be required to make an exception to existing policy and protocols in order to treat plaintiff and whether the failure to do so violates plaintiff's Eighth Amendment right to adequate mental health treatment. Assuming without deciding that plaintiff might have stated a claim for punitive damages, a finding the court does not make, the court agrees with the magistrate judge's finding that reasonable prison mental health officials would have relied on CDCR policy and practice and would not have understood that failing to provide plaintiff with this treatment violated his constitutional rights. Defendants, therefore, are entitled to qualified immunity on plaintiff's claim for punitive damages.

III. CONCLUSION

For all of the foregoing reasons, all defendants are entitled to summary judgment on plaintiff's Eighth Amendment claims against them in their individual capacities, including plaintiff's claim for punitive damages. For the reasons set forth in the magistrate judge's findings and recommendations, defendants Spearman and Silva are entitled to summary judgment on plaintiff's claims against them in their official capacities. This action will proceed solely on plaintiff's claim for injunctive relief against defendants Belavich, Howlin, Sirkin and Wynn in their official capacities. The magistrate judge's recommendation that plaintiff's official capacity claim against defendants Sirkin, Howlin, and the Deputy Director of CDCR's Statewide Mental Health Program in their official capacities survive summary judgment is adopted for the reasons set forth in this order. In addition, plaintiff's official capacity claim against defendant Wynn for injunctive relief is also denied. The magistrate judge's recommendation that defendant's motion for summary judgment, ECF No. 257, be otherwise granted is adopted for the reasons set forth in this order and the findings and recommendation to the extent they are consistent with this order.

This matter is referred back to the assigned magistrate judge for further proceedings which may, in his discretion, include a settlement conference, a further motion with specified briefing for summary judgment, or an evidentiary hearing on the merits of plaintiff's claim for prospective injunctive relief.

IT IS SO ORDERED.

DATED: September 29, 2017.

_____
UNITED STATES DISTRICT JUDGE