UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY O'KEEFE,<br><br>Plaintiff,<br><br>v.<br><br>JERRY BROWN, et al.,<br><br>Defendants. | No. 2: 11-cv-2659 KJM KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to vacate or set aside the settlement. (ECF No. 334.) For the reasons stated herein, plaintiff's motion is denied.

On September 11, 2018, a settlement action in this action was held. (ECF No. 337.) This action settled. As part of the settlement, defendants agreed to pay plaintiff $5,000. (Id. at 4-5.)

On March 11, 2019, plaintiff filed a letter with the court stating that on January 25, 2019, two checks from the settlement, for $1050 and $3050, were deposited in his inmate trust account. (ECF No. 328.) Plaintiff alleged that later that day, $1050 was "taken" from his account. (Id.) Plaintiff stated that he was later informed that the $1050 taken from his account on January 25, 2019, was applied toward his restitution. (Id.)

In the March 11, 2019, letter, plaintiff stated that many years ago his father paid his $5,000 restitution. (Id.) For this reason, plaintiff alleged that the $1050 should not have been

1

taken from his trust account and applied toward his restitution. (Id.)

On March 28, 2019, defendants filed a response to plaintiff's March 11, 2019 letter. (ECF No. 330.) Defendants state that plaintiff had $1050 in restitution obligations, along with a 5% administrative fee, from a previous CDCR number. (Id.)

On July 8, 2019, plaintiff filed the pending motion to vacate or set aside the settlement. (ECF No. 334.) Plaintiff argues that the settlement should be set aside or vacated because defendants failed to inform him that he still owed $1,000 in restitution. (Id.) Plaintiff argues that had he known that he still owed $1000 in restitution at the time of the settlement conference, this information would have "factored into the settlement negotiations." (Id.)

At the settlement conference, the undersigned informed plaintiff that any settlement proceeds must first be applied against any outstanding restitution. (ECF No. 337 at 5.) The undersigned stated,

> Mr. O'Keefe believes that all of his outstanding restitution has been paid, but I want to make it clear that there's a $5,000 settlement regardless of any restitution that you owe. So if, for example, you have been in and out of CDCR and you, in fact, owe $10,000 in restitution [that] is not a basis for you to then seek to set aside the settlement or refuse to sign documents saying, "Oh, I thought I was getting this money in my pocket."

(Id.)

Plaintiff indicated that he understood this term of the settlement. (Id. at 9.)

As the undersigned informed plaintiff at the settlement conference, the fact that plaintiff owed restitution of which he was unaware would not be grounds to vacate or set aside the settlement. Therefore, plaintiff's motion to vacate or set aside the settlement on the grounds that he owed $1000 in restitution of which he was unaware is without merit.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to vacate or set aside the settlement (ECF No. 334) is denied.

Dated: August 1, 2019

Ok2659.set(3)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2